Eliza A. Potteiger, Administratrix of The Estate of William Potteiger, deceased, Appellant, *v.* John J. Ridgway, late sheriff of the County of Philadelphia.

*Sheriff—Failure to execute writ of attachment—Negligence.*

An action will not lie against the sheriff for failure to execute a writ of attachment, where it appears that the deputy sheriff went to the defendant's residence and found her suffering from dropsy and also from a fall, so that she could not be moved, and she fainted when the writ was read to her ; and it further appears that the deputy procured an affidavit and certificate of a physician as to her condition, and attached them to the writ, and handed them to the sheriff's solicitor, who took them into court and delivered the writ, affidavit and certificate to the presiding judge ; and that defendant died three years afterwards, without plaintiff having taken any further steps in the mean time. The sheriff was not bound in a technical execution of the writ to commit an act of barbarity.

Not decided whether such a case is within the act of April 13, 1868, P. L. 948, which provides that no suit shall be instituted against a sheriff unless such suit shall have been brought within five years after the date of his official bond.

Argued Jan. 8, 1896. Appeal, No. 328, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., March T., 1892, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass against the sheriff to recover damages for failure to execute a writ of attachment. Before ARNOLD, J.

The facts appear by the opinion of the Supreme Court.

The court charged as follows :

" You will find a verdict for the defendant, upon the ground that the act of assembly limits the right of action to five years from the date of the bond, and this action was brought five years and two weeks afterwards."

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*Wm. H. Livingood* and *Wm. F. Johnson*, for appellant.—

While it is competent for the legislature to alter the period of limitation, such intention must be clearly expressed. Miller v. Commonwealth, 5 W. & S. 488; Lantz v. Lutz, 8 Pa. 405.

The act of April 13, 1868, P. L. 948, is unconstitutional: In re Road Phœnixville, 109 Pa. 44; Hatfield v. Commonwealth, 120 Pa. 396; Borough v. Sholes, 20 W. N. C. 413; City v. Church, 115 Pa. 296; McCarthy v. Commonwealth, 16 W. N. C. 498.

*Ellis Ames Ballard, Rufus E. Shapley* with him, for appellee.—The undisputed evidence shows that there was no delinquency on the part of the sheriff.

The act of April 13, 1868, presents an absolute bar to recovery in this suit: Commonwealth v. Warfel, 157 Pa. 444.

The claim as to the unconstitutionality of the act need be scarcely noticed. With regard to the title, the leading case of Commonwealth v. Green, 58 Pa. 226, is conclusive.

OPINION BY MR. JUSTICE DEAN, January 20, 1896:

This suit arose out of these facts: In 1875, plaintiff obtained a judgment against William Hamilton for $1,160.25, which was a lien on the debtor's undivided interest in a piece of land in Philadelphia. By proceedings in partition, this land was sold, and the claim of the judgment creditor transferred to the fund, which was distributed by an auditor to and among those entitled to it, there being appropriated to the plaintiff's judgment $971.24; but there was a life tenancy in the land, vesting in one Margaret Magee, therefore the auditor directed she should receive the money on giving proper security, to be approved by the court, conditioned for the payment of the principal sum at her death to the remainder-man, this plaintiff's intestate. In utter disregard of the terms of the distribution, the money was paid over to her without exacting the security fixed as a condition precedent to its payment. About ten years afterwards, on May 22, 1886, on petition of plaintiff, the court awarded a rule on Margaret Magee to show cause why attachment should not issue against her for neglecting to obey the decree that she give security for payment of the principal on termination of the life estate. On June 26, following, the rule was made absolute, and attachment directed to issue. After several dilatory motions, in June,

1887, the writ was placed in the hands of Robert Henry, an assistant of Sheriff Ridgway, with instructions to execute it. Henry went to her residence at Fox Chase, and found her suffering from dropsy and also from a fall, so that she could not be moved; she fainted when he read the writ to her. Having procured an affidavit and certificate of a physician as to her condition, he attached these papers to the writ, and then handed them all to Mr. Grew, the sheriff's solicitor, who took them into court and delivered writ, affidavit and certificate to the presiding judge. Nothing further was done by plaintiffs; the papers have been lost, and no minute has been made of their return; but that the sheriff's assistant attempted to execute the attachment, and desisted only because it would have been inhuman to do so, and that a full and authenticated report and return of the writ were actually made to the court are facts sworn to and not denied. About three years after this Margaret Magee died without having given the security she ought to have given before receiving the money. The plaintiff, then, on March 9, 1892, brought trespass for damages against the sheriff for neglect to perform his official duty under the writ, which commanded him to arrest Mrs. Magee and bring her forthwith before the court.

The sheriff's bond and recognizance are dated February 23, 1887; as noticed, this suit was brought March 9, 1892, two weeks more than five years from the date of the bond and recognizance. In protection against plaintiff's claim, the sheriff invoked the act of April 13, 1868, which declares:

" Any suit or suits which may hereafter be brought or instituted against any person who has heretofore acted or may hereafter act as sheriff or coroner of the city or county of Philadelphia, for any act done by him in his official capacity as such sheriff or coroner, or upon any official bond, obligation or recognizance, heretofore executed or entered into, or which may hereafter be entered into or executed by such person as such sheriff or coroner, shall not be sustained by any court of this commonwealth, unless such suit or suits shall have been instituted within five years after the date of the official bond."

The learned judge of the court below held, that the limitation prescribed by this act barred the plaintiff's claim, the latter not having been placed in suit until two weeks after the expiration of the five years from date of bond. Whether this is a

correct interpretation of the scope of this act, we do not decide. It may have been the intention of the legislature to include trespass and all other common law actions with those brought strictly on the official bonds and recognizances of the officers; if that be so, we can see that often great hardship and injustice may, in many cases, result. We therefore do not consider the question raised by appellant's first assignment of error, for even if sustained, in view of this evidence, appellant would take no benefit.

It is clear, on the undisputed testimony, plaintiff has no cause of action against the officer, for she failed to show any neglect of duty on his part. His writ commanded him to bring Margaret Magee before the court; without causing her great suffering and endangering her life he could not obey; he promptly makes return of the facts, and the court makes no further order in the matter. He was not bound, in a technical execution of his writ, to commit an act of barbarity; his plain duty was to report the facts; the court then suspends temporarily the writ, or in due time awards an alias, in its discretion; until it made such order, the officer was not bound to proceed further on a writ in the hands of the court. Although Margaret Magee lived nearly three years, plaintiff made no further application. Appellant has no just ground of complaint against this officer; the one who really wronged her was the custodian of the money realized from the sale of her land, twenty years ago, who, in plain violation of the decree confirming the auditor's report, paid it to the life tenant without proper security.

While affirming the judgment of the court below, we decline to determine the statute of limitation of 1868 protects defendant in this form of action. The judgment is affirmed.